DANIEL G. BOGDEN
United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Email: troy.flake@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cv-2036 |
| Plaintiff, | |
| v. | ORDER and CONSENT JUDGMENT |
| ALAN TOMASINO, | |
| Defendant. | |

WHEREAS, Plaintiff United States of America, on behalf of the Social Security Administration ("SSA"), filed a Complaint initiating this action against Defendant Alan Tomasino;

WHEREAS, the United States alleges that Defendant unlawfully obtained federal funds from the SSA by withdrawing and retaining funds to which he knew he was not entitled;

WHEREAS, the United States further alleges that Defendant's false representations were material to the SSA's payment of benefits in the amount of $175,386.00;

WHEREAS, Defendant has repaid $94,331.50 to the SSA;

WHEREAS, Defendant does not contest the accuracy of these allegations or any allegations set forth in the Complaint filed in this action; and

WHEREAS the parties to this action have negotiated a settlement agreement wherein Defendant, through his undersigned counsel, has consented to entry of judgment against him in this proceeding and in favor of the the United States, and in the amount of $104,148.50. A copy

of that Settlement Agreement is attached as Exhibit A hereto, and is incorporated herein by reference.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. This court has jurisdiction over this matter under 31 U.S.C. § 3732 and 28 U.S.C. §§ 1331, 1345, and 1355, and Defendant acknowledges and accepts service of the Complaint in this action.

2. Defendant acknowledges his liability to the United States and agrees to the entry of Judgment in the amount of $104,148.50, which represents the remainder of the United States' damages as a result of the conduct alleged in the Complaint.

3. Defendant agrees to Payment as required in the Settlement Agreement attached hereto as Exhibit A and incorporated by reference herein.

4. Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address, telephone number, or employment until the judgment debt is paid in full, by providing such information to: United States Attorney's Office, 510 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101.

5. Defendant admits and acknowledges he is liable under False Claims Act, 31 U.S.C. §§ 3729-33 (the "Act"), as amended by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, S. 386 (2009) for the conduct alleged in the Complaint and agrees and acknowledges that the debt owed to the United States as set forth herein is non-dischargeable in bankruptcy under 11 U.S.C. § 523.

6. Nothing in this Consent Judgment shall be construed to indicate an agreement by the United States concerning the characterization of the amounts paid hereunder for purposes of any proceeding under the Internal Revenue Code or to waive any claim of the Internal Revenue Service against Defendant.

UNITED STATES DISTRICT JUDGE

DATE: August 29, 2016

Approved by:

1
2  _____
   ALAN TOMASINO
3  Defendant

4
5  _____
   DAVID OLSHAN
6  Nevada Legal Aid
   Attorney for Defendant
7

8  DANIEL G. BOGDEN
   United States Attorney
9

10
11 _____
   TROY K. FLAKE
   Assistant United States Attorney
12 *Attorneys for the United States of America*

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Social Security Administration (collectively the "United States") and Alan Tomasino (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.   Pasquale Tomasino was a beneficiary of the Social Security Administration ("SSA") when he died on March 24, 1994. At the time of his death, his entitlement to benefits ceased. Alan Tomasino, Pasquale Tomasino's son, was a joint holder on the account into which the SSA deposited benefit checks. Because it was unaware of Pasquale Tomasino's death, between 1994 and 2011, SSA continued to deposit checks for the benefit of Pasquale Tomasino into the joint bank account. From 1994 to 2011. Alan Tomasino knowingly withdrew and retained the federal funds paid for the benefit of Pasquale Tomasino, to which Alan Tomasino knew he was not entitled.

B.   The United States contends that Alan Tomasino is liable under the False Claims Act 31 U.S.C. 3370 arising from his withdrawal and retention of SSA benefits funds intended for his father, Pasquale Tomasino, but paid after Pasquale Tomasino's death, from April 1994 through December 2011. This conduct is referred to below as the Covered Conduct.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Alan Tomasino shall pay to the United States forty thousand dollars ($40,000) (Settlement Amount) by check or electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the District of Nevada no later than 5 days after the Effective Date of this Agreement.

2. Alan Tomasino will pay an additional Fifty-Two Thousand and Fifty-Four Dollars and Fifty Cents ($52,054.50) (Penalty Amount), plus interest accruing at .53% per annum, by permitting SSA to withhold $300 per month from his monthly SSA retirement benefit payments until such withholding fully satisfies the Penalty Amount plus accrued interest.

3. Collectively the Settlement Amount, the Penalty Amount, and interest received by the United States shall be referred to as the Settlement Proceeds.

4. Attached as hereto and incorporated as part of this Agreement is a Complaint and Consent Judgment (Exhibit A). With respect to the Complaint and Consent Judgment, the parties agree:

   a. The parties shall execute the Complaint and Consent Judgment at the time this Agreement is executed.

   b. Within 15 days of the Effective Date of this Agreement, the United States will file the Complaint and Consent Judgment in the United States District Court for the District of Nevada.

5. Subject to the exceptions in Paragraph 5 (concerning excluded claims) below, and conditioned upon Alan Tomasino's full payment of the Settlement Amount and consent to ongoing withholding of $300 per month to repay the Penalty Amount, and subject to Paragraph 11, below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date

of this Agreement or any payment or withholding made under this Agreement), the United States temporarily agrees not to enforce the Consent Judgment or otherwise pursue against Alan Tomasino any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.  Once Alan Tomasino has fully and timely paid the remaining Settlement Proceeds, the United States agrees that Alan Tomasino is released from the Consent Judgment and any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

6. Notwithstanding the releases given in paragraph 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

   a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

   b. Any criminal liability;

   c. Except as explicitly stated in this Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

   d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

   e. Any liability based upon obligations created by this Agreement;

   f. Any liability of individuals other than Alan Tomasino;

3

7. Alan Tomasino has provided sworn financial disclosure statements (Financial Statements) to the United States and the United States has relied on the accuracy and completeness of those Financial Statements in reaching this Agreement. Alan Tomasino warrants that the Financial Statements are complete, accurate, and current. If the United States learns of asset(s) in which Alan Tomasino had an interest at the time of this Agreement that were not disclosed in the Financial Statements, or if the United States learns of any misrepresentation by Alan Tomasino on, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $5,000 or more, the United States may at its option: (a) rescind this Agreement and file suit [OR reinstate its suit] based on the Covered Conduct, or (b) let the Agreement stand and collect the full Settlement Proceeds plus one hundred percent (100%) of the value of the net worth of Alan Tomasino previously undisclosed. Alan Tomasino agrees not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

8. In the event that the United States, pursuant to Paragraph 6 (concerning disclosure of assets), above, opts to rescind this Agreement, Alan Tomasino agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States within 60 calendar days of written notification to Alan Tomasino that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on March 25, 2016.

9. Alan Tomasino waives and shall not assert any defenses Alan Tomasino may have to any criminal prosecution or administrative action relating to the Covered Conduct that

may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Proceeds for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. Alan Tomasino fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Alan Tomasino has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

11. Alan Tomasino warrants that he has reviewed his financial situation and that he currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment to the United States of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Alan Tomasino, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which

Alan Tomasino was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

12. If within 91 days of the Effective Date of this Agreement or of any payment or withholding made under this Agreement, Alan Tomasino commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of Alan Tomasino's debts, or seeking to adjudicate Alan Tomasino as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Alan Tomasino or for all or any substantial part of Alan Tomasino's assets, Alan Tomasino agrees as follows:

a. Alan Tomasino's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and Alan Tomasino shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Alan Tomasino's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Alan Tomasino was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Alan Tomasino.

b. If Alan Tomasino's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Alan Tomasino for the claims that would otherwise be covered by the releases provided in Paragraph 4 above, including any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil

6

Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud. Alan Tomasino agrees that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and Alan Tomasino shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Alan Tomasino shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding that are brought by the United States within 60 calendar days of written notification to Alan Tomasino that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on March 25, 2016; and (iii) the United States has a valid claim against Alan Tomasino in the amount of $431,826.50 plus penalties, and the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

  c. Alan Tomasino acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement.

13. This Agreement is intended to be for the benefit of the Parties only.

14. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

15. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

16. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District

Court for the District of Nevada. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

17. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

18. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

19. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

20. This Agreement is binding on Alan Tomasino's successors, transferees, heirs, and assigns.

21. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

22. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>THE UNITED STATES OF AMERICA</u>

DATED: 8/26/16            BY: _____
                               DANIEL BOGDEN
                               United States Attorney
                               District of Nevada

                               TROY K. FLAKE
                               Assistant United States Attorney

DEFENDANT

DATED: 8/11/16                    BY: _____
                                       ALAN TOMASINO

DATED: 8/8/16                     BY: _____
                                       DAVID OLSHAN
                                       Nevada Legal Aid
                                       Counsel for Alan Tomasino